IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.  15-CR-20-A

DAMON HUNTER,

          Defendant.

---

## PLEA AGREEMENT

The defendant, DAMON HUNTER, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of Title 18, United States Code, Section 1623(a) (False Declarations before Grand Jury) for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit

for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. the testimony before the grand jury was given while the defendant was under oath;

   b. such testimony was false as set forth in the Indictment;

   c. the matters as to which it is charged that defendant gave false testimony were material to the issues under inquiry by the grand jury; and

   d. such false testimony was given knowingly.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On or about the afternoon of August 30, 2012, Quincy Balance was murdered in the vicinity of Northland Avenue and Stevens Avenue, Buffalo, New York. The Erie County, New York, Medical Examiner determined the cause of death to be multiple gunshot wounds. At almost the same time that Balance was murdered, the defendant, while standing near Balance, was also shot at multiple times by a person using a firearm.

b.  The defendant knew and recognized the shooter as Roderick Arrington a/k/a Ra-Ra. The defendant also knew and recognized three individuals at the shooting associated with Arrington as Marcel Worthy a/k/a Cheese, Aaron Hicks a/k/a Boog a/k/a Boogy, and James Robbs a/k/a Jimmy. The defendant knew all four individuals through personal interactions with them on the East Side of the Buffalo, and knew that they believed that the defendant and Balance were involved in the shooting murder of Walter Davison a/k/a Matt on or about August 26, 2012, on Carl Street, Buffalo, New York.

c.  Hours after the shooting on August 30, 2012, the defendant gave a true statement to City of Buffalo Homicide Detectives detailing the circumstances of the shooting. The defendant accurately described how he and Balance stopped to speak with Hicks regarding the Davison murder, how Worthy and Robbs arrived and surrounded them in separate cars, and how Arrington walked up with a handgun, shot Balance until he fell, then discharged the handgun at the defendant while the defendant ran away. The defendant also truthfully identified Arrington, Worthy, and Robbs via photographic lineup to police.

d.  On or about November 14, 2014, a Grand Jury of the United States District Court for the Western District of New York was conducting an investigation to determine whether violations of Title 18, United States Code, Sections 922(g)(1), 924(c), and 1959(a) had been committed during the shooting and murder of Quincy Balance and the attempted murder of the defendant on or about August 30, 2012, in the City of Buffalo, New York. It was material to said investigation to identify the person who had possessed, used, and discharged a firearm during the murder of Balance and attempted murder of the defendant, as well as to identify the persons who caused the commission of and conspired to commit the aforementioned violations of federal law.

e.  The defendant, while appearing as a witness under oath at a proceeding before the Grand Jury, falsely recanted his identification of Arrington as the person who killed Balance and shot at the defendant. The defendant testified that he was mistaken about Arrington being the shooter, when he knew that he had observed Arrington as the shooter. Among other reasons for lying to the Grand Jury, the defendant was afraid of retribution from Arrington and his associates and for being labeled as a "snitch" if Arrington were indicted based on the defendant's testimony. The defendant was also upset at not receiving any sentencing benefit in his Erie County firearm conviction for cooperating with the federal investigation.

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines §§ 2J1.3(c)(1), 2X3.1(a)(1), 2X3.1(a)(3)(A), 2E1.3(a)(2), and 2A1.1(a) apply to the offense of conviction and provide for a base offense level of **30**.

### ACCEPTANCE OF RESPONSIBILITY

7. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **27**.

### CRIMINAL HISTORY CATEGORY

8. It is the understanding of the government and the defendant that the defendant's criminal history category is **IV**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES APPLICATION, CALCULATIONS AND IMPACT

9. It is the understanding of the government and the defendant that, with a total offense level of 27 and criminal history category of IV, and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of 60 months, a fine of $12,500 to $125,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at sentencing, the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

10. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

11. The government and defendant agree that, as the defendant is presently serving an undischarged state term of imprisonment under Erie County Court Case Number 01883-2013, the defendant specifically reserves the right to recommend that the sentence for the instant offense be imposed concurrently to the remainder of the undischarged state term of imprisonment. The defendant understands, however, that the government will oppose

5

such a recommendation and that the Court is not bound to sentence the defendant concurrently with the undischarged state term of imprisonment.

12. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

13. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to false declarations before a Grand Jury and obstruction of justice which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

14. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

15.    At sentencing, the government will move to dismiss the open count of Indictment 15-CR-20-A.

16.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.    APPEAL RIGHTS

17.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence. In the event of an

appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

18.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

19.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

20.    The government and the defendant agree to not appeal the imposition of the sentence of imprisonment concurrently, partially concurrently, consecutively or partially consecutively with any undischarged state term of imprisonment under Erie County Court Case Number 01883-2013 that the defendant is currently serving.

## VII.    TOTAL AGREEMENT AND AFFIRMATIONS

21.    This plea agreement represents the total agreement between the defendant, DAMON HUNTER, and the government. There are no promises made by anyone other

than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

                    WILLIAM J. HOCHUL, JR.
                    United States Attorney
                    Western District of New York

BY: _____
      WEI XIANG
      Assistant United States Attorney

Dated: September  8 , 2015

I, DAMON HUNTER, have read this agreement, which consists of 9 pages. I have had a full opportunity to discuss this agreement with my attorney, Samuel P. Davis, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I sign this agreement voluntarily and of my own free will.

_____    _____
DAMON HUNTER                            SAMUEL P. DAVIS, ESQ.
Defendant                                   Attorney for the Defendant

Dated: September  9 , 2015            Dated: September  8 , 2015