IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                                                                         15-CR-20-A

DAMON HUNTER,

          Defendant.

_____

## PLEA AGREEMENT

The defendant, DAMON HUNTER, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant will admit Charge No. 1 in the Amended Petition for Offender Under Supervision, ordered on March 18, 2021, for which the maximum possible sentence is a term of imprisonment of 2 years and a term of supervised release of 3 years less any term of imprisonment that is imposed upon revocation of supervised release.

2. The defendant understands that, pursuant to Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure, the defendant has the right to a revocation hearing regarding the charges set forth in the Petition for Offender Under Supervision, and is further entitled: (1) to written notice of the alleged violation; (2) to disclosure of the evidence against the defendant; (3) to appear and present evidence on the defendant's behalf; (4) to question

adverse witnesses; and (5) to be represented by counsel. The defendant also understands that at such a hearing it would be the government's burden to prove the charged violation by a preponderance of the evidence. The defendant acknowledges and understands these rights and waives them voluntarily and of the defendant's own free will.

## FACTUAL BASIS

3.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty:

    a.  On January 12, 2016, this Court sentenced the defendant to a term of imprisonment of 60 months to be followed by a term of supervised release of two years. As a condition of supervised release, the Court ordered "the defendant shall not . . . purchase, possess, use, distribute, or administer any controlled substance[.]" On October 16, 2020, the defendant began serving the term of supervised release.

    b.  On November 3, 2020, a U.S. Probation Officer obtained a biological specimen from the defendant for the purpose of a drug test. The officer sent the specimen to a forensic laboratory for testing, which determined that the specimen was positive for the presence of cocaine, marijuana, and alcohol. On November 24, 2020, the U.S Probation Officer administered another drug test at the U.S. Probation Office; a forensic laboratory determined the defendant's drug test contained the presence of marijuana and cocaine. On December 2, 2020, U.S Probation Officers performed a home visit at the defendant's residence and administered a drug test and used a breathalyzer. The drug test showed the positive presence of cocaine and marijuana in the sample provided by the defendant and the breathalyzer yielded a .100% Blood Alcohol Content ("BAC"). The defendant admitted to consuming one Budweiser beer and smoking marijuana the previous week.

    c.  Therefore, the defendant possessed and used a controlled substance in violation of a condition of supervised release.

    d.  Additionally, on March 16, 2021, while living at a Residential Re-entry Center ("RRC"), the staff found the defendant in possession of K2 concealed in his sock. The next day, that is, March 17, 2021, the U.S. Probation Officer interviewed the defendant at the RRC. During the course of the interview, the defendant admitted to possessing K2 the day

before and to smoking K2 on at least two occasions since his arrival at the RRC on March 8, 2021.

## II. SENTENCING GUIDELINES

4. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

5. The defendant understands that the Court may find that the defendant possessed a controlled substance and, therefore, Title 18, United States Code, Section 3583(g) and Guidelines § 7B1.4 would apply. This requires the Court to revoke supervised release and requires the defendant to serve a term of imprisonment.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

6. The government and the defendant agree that Guidelines § 7B1.1(a)(3) applies to the violation and that the violation is a grade C violation. The defendant has a criminal history category of **V** and the guidelines range for imprisonment is **7 to 13** months.

7. The defendant understands that the Court must consider imposing a sentence within the above range, but the Court is not bound by this range and may impose any sentence of imprisonment it deems reasonable up to 2 years.

8. The defendant understands that the Probation Office will make an independent determination of the defendant's sentencing range and that the Court will ultimately

determine the appropriate sentence. The defendant will not be entitled to withdraw the plea of guilty because of the sentence imposed by the Court.

### III. GOVERNMENT RIGHTS AND RESERVATIONS

9. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement; and,

   d. modify its position with respect to any recommendation the government agreed to make or not oppose in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation.

10. At sentencing, the government will move to dismiss the remaining charges in the Amended Petition for Offender Under Supervision.

### IV. APPEAL RIGHTS

11. The defendant agrees that the defendant will not appeal a sentence of imprisonment imposed by the Court which falls within or is less than the sentencing range for imprisonment set forth in Section II, ¶ 6, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the

government, the defendant reserves the right to argue the correctness of the defendant's sentence.

12. The government agrees not to appeal a sentence of imprisonment imposed by the Court which falls within or is greater than the sentencing range for imprisonment set forth in Section II, ¶ 6, above, however determined by the Court. In the event of an appeal from the sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence. Further, the government otherwise reserves all of its rights of appeal as provided for in the Sentencing Reform Act of 1984.

## V.   TOTAL AGREEMENT AND AFFIRMATIONS

13. This plea agreement represents the total agreement between the defendant, DAMON HUNTER, and the government. There are no promises made by anyone other than those contained in this agreement.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
PIERRE R. ANTOINE
Assistant United States Attorney

Dated: June 11, 2021

I have read this agreement, which consists of pages 1 through 6. I have had a full opportunity to discuss this agreement with my attorney, Carla J. Benz, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____  
DAMON HUNTER  
Defendant  

Dated: June 11, 2021

_____  
CARLA J. BENZ, ESQ.  
Attorney for the Defendant  

Dated: June 11, 2021